(No. 36135

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VICKI ROSE, Plaintiff in Error.

*Opinion filed May 19, 1961.*

STEPHEN LEE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The defendant, Vicki Rose, was tried by jury in the criminal court of Cook County and found guilty of illegally selling narcotic drugs. A writ of error has been issued to review the judgment of conviction.

The defendant first contends that she was arrested illegally and that the arresting officers searched her apartment without a warrant. We find it unnecessary to consider the defendant's contention that she was illegally arrested for it is settled that illegal arrest, in itself, in no way affects a judgment of conviction (*People* v. *Smith,* 11 Ill.2d 280; *People* v. *Brown,* 368 Ill. 177). It is likewise unnecessary to determine whether the search was legal, for all of the witnesses testified that nothing was found as a result of the search.

Defendant also assigns as error the admission of testimony by the arresting officers that defendant made certain oral admissions at the time of her arrest. She contends that evidence of these admissions should have been excluded

because she was at that time suffering from withdrawal from narcotics and was so ill that the admissions must be considered involuntary. She also contends that she was promised immunity if she would confess her guilt. However, the defendant testified that she did not admit making any sale of narcotics at the time of her arrest and testified that she did not, to her knowledge, make any such admission at the police station. Where a defendant denies making any statement, a simple question of fact is presented as to whether the statement was made and the trial court is not required to determine whether it was voluntarily made. (*People* v. *Hegovic,* 348 Ill. 58). The question of whether the defendant in fact made any admissions of guilt was a question of fact for the jury to determine and the trial court did not err in admitting evidence of these admissions.

In order to pass upon the defendant's contention that evidence of other crimes was improperly admitted it becomes necessary to summarize the evidence at the trial on this question. The defendant was indicted for a sale of narcotics to one James Bailey on January 27, 1959. Bailey testified that he met the defendant on January 27. He had a conversation with the defendant about the sale of narcotics and defendant agreed to sell him some. By agreement Bailey and the defendant went into a theater next door to the restaurant where they had met and Bailey gave her some money and she handed him some narcotics. Bailey testified that on February 11 he called a certain telephone number and a woman answered the telephone. He testified that he recognized the voice as that of the defendant. Defendant's counsel objected upon the ground that an insufficient foundation had been laid and Bailey then testified that he had heard the defendant's voice before on January 27, and also on January 23. There was no further testimony at that time with respect to the conversation of January 23. The trial judge overruled the objection and Bailey testified that in the telephone conversation he asked defendant if she could sell

him some more narcotics and that she refused, saying that she was leaving since there was a lot of "heat" around. Bailey and other agents then went to defendant's apartment and arrested her.

On cross-examination Bailey admitted that he had never before heard the defendant's voice over a telephone and it was possible that he might have been mistaken as to whether the voice was that of the defendant. He was then also asked who was present at the conversation of the 23rd and was asked where it occurred. Bailey replied that the conversation was in a certain store and that defendant and Vasquez were present. Bailey was further asked on cross-examination about his testimony at a preliminary hearing in the case and he stated that he did testify at the preliminary hearing and that prior to testifying at that hearing he had consulted his notes "for the purpose of Exhibit 1 and Exhibit 2 of January 23 and January 27." He was asked whether he made any written memorandum of his dealing with Vasquez relative to the "transactions" in this particular case and Bailey replied that he made a memorandum report relative to the purchase of exhibit 1. On redirect examination Bailey was asked to state what conversation he had on January 23 with defendant and Vasquez. Defendant's counsel objected, stating that he did not believe that there was any conversation with these two people. The prosecutor replied that he thought the door had been opened by the cross-examination since defendant's counsel had inquired about the events of the 23rd. The trial judge overruled the defendant's objection and permitted Bailey to go into the conversation of January 23. Bailey testified that at that time he had a conversation with defendant about purchasing some narcotics and that the defendant agreed to sell him some narcotics and did in fact sell him some at that time. The State then proceeded to identify the substance allegedly sold by the defendant to Bailey on January 23, to which the defendant made no objection. Later in the trial another narcotics

agent, Wayne Jordan, testified without objection to the events of January 23. Another agent, Robert Lorenz, also testified without objection as to what had occurred on the 23rd. We are of the opinion that Bailey's testimony as to the conversation of January 23 was proper in order to substantiate his identification of the defendant's voice, since the defendant, on cross-examination, had raised the question of whether Bailey was sufficiently familiar with defendant's voice and had asked him about his conversation with defendant on the 23rd. Furthermore, defendant's only objection to the testimony on redirect examination about the conversation of the 23rd was that there had been no evidence of any such conversation. Since there had been considerable testimony about the conversation of the 23rd, the trial judge correctly overruled defendant's objection. The subsequent testimony by the other agents was not objected to. A defendant can not permit evidence to be introduced without objection and then assign error upon the admission of such evidence. (*People* v. *Prohaska*, 8 Ill.2d 579). By failing to object to the admission of this testimony by the other agents the defendant has waived any claim of error with respect thereto.

At the trial a chemist testified that a certain substance which had been delivered to him was heroin. The defendant contends that there was insufficient proof that this substance was the same which had been delivered to Bailey by the defendant. The evidence showed that after the substance had been delivered to Bailey by the defendant on January 27, he made a field test indicating that the substance was probably a derivative of opium and that after the test the package was initialed by him and given to agent Lorenz. Lorenz testified that he dated and initialed the package and placed it under lock until it was delivered to the chemist. The chemist testified that the package was received from Lorenz and that it was sealed at the time it was received. The package was identified by all three of these witnesses

by the initials thereon. We are of the opinion that there was sufficient proof that the substance sold to Bailey on January 27 was the same which was examined by the chemist. The trial court refused to admit in evidence the substance sold on January 23 and defendant's allegation that the proof of delivery of that substance to the chemist was insufficient is therefore immaterial.

We are of the opinion that the defendant received a fair trial and that there was no prejudicial error sufficient to warrant a reversal of the judgment of conviction. The judgment is therefore affirmed.

*Judgment affirmed.*