FAIRCHILD ET AL. *v.* STEINER ET AL.

[No. 20,291. Filed July 27, 1965.]

*James Robert Arnold, Helmke, Philips & Beams, Hoffman, Moppert & Solomon,* and *Arnold & George,* of Fort Wayne, for appellants.

*Arthur H. Fruechtenicht* and *Robert J. Parrish,* of Fort Wayne, and *Winslow Van Horne* and *Van Horne & Van Horne,* of counsel, of Auburn, for appellees.

PER CURIAM.—Certain of the appellees herein have filed their motion to dismiss this appeal, or, in the

alternative that the judgment of the trial court be affirmed. In said motion they specify twelve errors, irregularities and insufficiencies in the transcript; that appellants' brief does not sufficiently comply with Rule 2-17(c), (d) and (e) of the Supreme Court; and that the assignment of errors is fatally defective.

Appellants originated this action in the trial court by filing a complaint for injunction and declaratory judgment attacking the validity of a purported reorganization of schools. Appellants thereafter filed a first supplemental complaint and a second supplemental complaint. Appellees then filed a motion to dismiss which was sustained by the trial court. Appellants thereafter filed their motion to reconsider said ruling, which the trial court denied.

Appellants' purported statement of the record in the brief contains merely the prayers of the complaint, first supplemental complaint and second supplemental complaint. The motion to dismiss and exhibits filed by appellees in the trial court, which was sustained, comprise twenty-six pages in the transcript. Appellants summarize only one of the fifteen grounds in their statement of the record. The trial judge's ruling on said motion to dismiss is not set forth in the brief or adequately summarized, nor do we have the benefit of appellants' motion to reconsider said ruling upon which this appeal is predicated.

Appellees, in their motion to dismiss, attack not only the Concise Statement of the Record portion of appellants' brief as inadequate, but also the argument section thereof and the transcript and assignment of errors.

Appellants' original brief is required to be prepared in such a manner that a printed copy of the record

for each judge will be unnecessary for him to be properly advised on each matter involved in the appeal. *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 533, 150 N. E. 2d 883; 2 Ind. Law Encyc., Appeals, §383, p. 238.

Although, in some circumstances, setting out the substance of the pleadings has been held to be sufficient compliance with the rules of the Supreme Court, we are of the opinion that such is not the case here. We are asked by appellants to reverse the trial court's ruling on pleadings. To fairly and competently review these pleadings and the ruling thereon, we would be required to resort to the record. The burden rests upon appellants to provide each judge with a brief so prepared as to present the questions he raises on appeal without resort to the record. It is well settled that where appellant's brief fails to set forth the record so as to present fully a question without resorting to the record, the appellate tribunal is under no duty to search the record to reverse the cause. *Grecco* v. *State* (1960), 240 Ind. 584, 593, 166 N. E. 2d 180, 167 N. E. 2d 714.

Without unduly extending this opinion with a discussion of other alleged deficiencies, we believe it sufficient to state that appellants have failed to comply with the rules of the Supreme Court in the Concise Statement of the Record portion of their brief. This is sufficient to sustain appellees' motion to dismiss the appeal.

Appellees' motion to dismiss the appeal is sustained and the appeal is dismissed.

NOTE.—Reported in 209 N. E. 2d 266.