CHARLES ANTHONY KINNAIRD v. STATE OF INDIANA.

[No. 1067S114. Filed December 17, 1968.]

E. *Prescott Long,* Jeffersonville, for appellant.

*John J. Dillon,* Attorney General, *Michael V. Gooch,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was, on March 3, 1967, charged by affidavit filed in the Clark Circuit Court with the crime of "Knowingly Receiving Stolen Property," such affidavit reads as follows:

"Marion Deckard being duly sworn upon oath says, that at the County of Clark, in the State of Indiana, on or about the 24th day of February, 1967, Charles 'Sonny' Kinnaird did then and there commit the crime of theft of the property of Everett Page, doing business as Federal Window and Awning Company in that he knowingly, unlawfully and feloniously obtained control over said property, to-wit: One Radial arm saw, One grinder, two paint spray guns, one set acetyline torches and gauge, one transit and tripod, and one sabre saw, all of the value of $616.00, knowing that said property had been stolen by another, to-wit: Lee Redd and Richard L. Sheckles, intending to deprive the owner permanently of the use of said property, being then and there, contrary to the form of statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

On the same day, March 3, 1967, appellant was arrested on a bench warrant issued out of the Clark Circuit Court, such warrant reads as follows:

"The State of Indiana, to the Sheriff of Clark County, Greeting:

You are hereby commended to arrest Charles 'Sonny' Kinnaird if he may be found in your baliwick [sic], so that you have his body before the Judge of the Clark Circuit Court, instanter, then and there to answer the State of Indiana, on a charge of Knowingly receiving stolen property and abide the order of the Court, thereon and return this writ.

WITNESS, the clerk and Seal of said court, this 3rd day of March 1967.

/s/ Thomas McCartin, Clerk."

The return to said bench warrant reads as follows:

"Executed this Warrant this 3rd day of March 1967 by taking into custody Charles 'Sonny' Kinnaird.
Sheriffs Fees
Service 6.00
/s/ W. W. Gilbert
Sheriff Clark Co. Ind."

Trial was had by jury in June, 1967, which resulted in a verdict of guilty, which in pertinent part reads as follows:

"We, the jury, find the defendant, Charles Anthony Kinnaird, guilty as charged in the affidavit and fix his penalty at $900.00 and imprisonment for not less than one (1) nor more than ten (10) years and find his true age to be 34 years.

/s/ Nelson O. McKinley
Foreman"

At the time of appellant's arrest, the arresting officers found him in his place of business on the ground floor. They conducted a search of the ground floor; the second floor containing rooms occupied by him as his residence, a large store room adjacent to his living quarters and also the third floor of the building in which appellant was arrested, and seized the goods alleged to have been stolen along with other goods not mentioned in the affidavit.

Prior to trial, appellant's attorney filed three motions, the first a Motion to Dismiss, which in pertinent part reads as follows:

"Comes the defendant, by counsel, and moves the Court to dismiss the within charges against the defendant herein on grounds that the evidence against the defendant herein is inadmissible as being the 'tainted fruit' of an illegal search and seizure."

The second motion was to suppress evidence, which in pertinent part reads as follows:

"Comes the defendant, by counsel, and moves the Court to suppress the evidence obtained on March 3, 1967, by the officers of the City of Jeffersonville, Indiana and the Prosecuting Attorney and Clark County, Indiana, from the premises occupied by the defendant at 229 Spring Street, Jeffersonville, Indiana, on grounds that said evidence was obtained as the result of an illegal search and seizure by the officers aforesaid.

The property specifically involved is as follows:
One radial arm saw
One grinder
Two paint spray guns

> One set acetylene torches and gauge
> One transit and tripod
> One sabre saw."

The third motion was to Quash the Affidavit, which in pertinent part reads as follows:

> "Comes defendant, by counsel, and moves the Court to quash the Affidavit herein on the following grounds:
>
> (1) The affidavit fails to specify a criminal offense with sufficient certainty to set out the degree of said offense.
>
> (2) That said affidavit does not set out sufficient facts upon which the Court could establish probable cause for issuance of an arrest warrant."

All three of appellant's motions were overruled and denied by the court.

At the trial appellant objected to the admission in evidence of the goods seized during the search following the arrest, the objections were overruled by the court.

Thereafter appellant filed his Motion for New Trial, such motion in pertinent part reads as follows:

> "Comes defendant, by counsel, and moves the Court to set aside the verdict of the jury herein and grant him a new trial on the following grounds:
>
> (1) The verdict is contrary to the law and the evidence.
>
> (2) The Court erred in overruling defendant's motion to suppress evidence and which was admitted into evidence over defendant's objection.
>
> (3) The Court erred in overruling defendant's motions to quash the affidavit and warrant of arrest.
>
> (4) The Court erred in overruling defendant's objections to the admission of evidence of minor criminal offenses committed by the defendant which were totally unrelated to the nature of the offense for which he was standing trial.
>
> (5) The Court erred in overruling defendant's objections to the admission into evidence items of stolen property which were not the subject of the charge on trial.

(6) The Court erred in failing to instruct the jury on the penalty where the property was under the value of $100.00.

(7) The Court erred in giving the Third literary paragraph of Instruction No. 6 to the jury over the objection of the defendant on grounds that said instruction appeals to the passions of the jury, tending to prejudice the jury against the defendant.

(8) The Court erred in allowing the State on the date of trial to amend the affidavit setting out value of the property allegedly received to the prejudice of the defendant.

(9) The Court further erred in overruling defendant's motion for a continuance on grounds that amendment of the affidavit on the morning of trial deprived him of his right to adequate time for preparation of his defense.

(10) The defendant was prejudiced in presenting his defense by reason of sudden surprise for which defendant could not be adequately prepared to defend himself when Witness Dobbs was presented as a witness for the State and purported to be one of the thieves of the property allegedly stolen, when the affidavit named two other persons as the thieves. His testimony was material and important in that said testimony went to the question of knowledge on the part of the defendant that the property he received was in fact stolen property.

(11) Burns' Indiana Statute 9-908 and 9-909 is unconstitutional as repugnant to Article I, Section 11 of the Indiana State Constitution and the 14th Amendment to the United States Constitution in that it dispenses with a requirement for demonstration of probable cause supported by oath or affirmation for a magistrate to determine whether warrant should or should not issue. It further provides for a County Prosecutor to make a judicial determination and relegating a judge to be merely a 'rubber stamp.' As a consequence, the defendant herein was subjected to unlawful arrest and evidence obtained by means of an illegal search and seizure in violation of his Constitutional rights. As a further consequence, the within Court had no jurisdiction over the person of the defendant.

Defendant objected and reserved exceptions to all of the foregoing acts and omissions."

The judgment of the court overruling appellant's motion for a new trial, and from which stems this appeal, in pertinent part reads as follows:

"The Court having previously taken under advisement the defendant's motion for a new trial in this cause now finds that the defendant's motion for a new trial should be overruled.

It is therefore considered, ordered and adjudged that the defendant's motion for a new trial is hereby revoked."

Appellant's Assignment of Errors, in pertinent part reads as follows:

"1. The court erred in overruling appellant's motion for a new trial.

2. The court erred in overruling the appellant's motion in arrest of judgment."

Appellant, in essence, has raised two questions by this appeal, the first relates to the admission in evidence of certain items of personal property seized by the police. On that issue appellant contends the warrant for his arrest was invalid in that it was not supported by a showing of probable cause as required by Article I, Sec. 11 of the Constitution of the State of Indiana; his contention further being that since the arrest warrant was invalid the arrest and ensuing search were necessarily illegal and that the admission in evidence of the property seized at the time of or shortly after the arrest constituted reversible error.

The affidavit on which the arrest warrant was issued appears on p. 1, *supra*.

Article I, Section 11 of the Constitution of the State of Indiana, which is identical to the Fourth Amendment to the Constitution of the United States, reads as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; *and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."* (Emphasis supplied).

Appellant has properly raised and saved the question as to whether the affidavit in support of the warrant for arrest was sufficient to establish the requisite degree of probable cause as mandated by both Article I, Sec. 11 of the Constitution of the State of Indiana and the Fourth Amendment to the Constitution of the United States.

It is provided by statute, Ind. Anno. Stat. § 9-1001 (1956 Repl.), that a warrant for arrest will issue when ". . . an indictment is found or an affidavit filed against a person charging him with the commission of an offense, . . ." The procedure for filing the affidavit is found in Ind. Stat. §§ 9-908 and 9-909 (1956 Repl.). As the provisions of both the State and Federal Constitutions require a showing of probable cause before a warrant may issue, and since a statute may not be in derogation of rights and safeguards secured by the Constitution it follows that §§ 9-908, 9-909 and 9-1001 Ind. Stat. Anno. (1956 Repl.) must be read in pari materia with Article I, Sec. 11 of the Constitution, *supra,* as requiring the affidavit to contain a showing of probable cause sufficient to justify the issuance of a warrant.

Hence the question is, what constitutes a showing of probable cause sufficient to justify the issuance of a warrant for an arrest?

In determining that issue, the Supreme Court of the United States in *Giordenello* v. *United States* (1958), 357 U. S. 480, 2 L. Ed. 2d 1503, stated, "The language of the Fourth Amendment . . . of course applies to arrest as well as search warrants." In *Ker* v. *California* (1963), 374 U. S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623, it was held that the Fourth "Amendment's proscriptions are enforced against the states through the Fourteenth Amendment." It therefore follows that we are required to apply the same constitutional standards relating to probable cause in the issue of arrest warrants as are applied to search warrants.

In *Rohfing* v. *State* (1949), 227 Ind. 619, 88 N. E. 2d 148, this Court considered the question of what constitutes a sufficient showing of probable cause to justify the issuance of a search warrant. The Court there stated ". . . an affidavit upon information and belief and containing only affiant's conclusion upon probable cause, is not in itself sufficient basis for a search warrant." In the cited case the Court further held that the ascertainment of whether or not probable cause exists, is a judicial determination and that: "The judicial determination of probable cause as required herein must be based on facts and not on hearsay. (Citing cases)." That doctrine was reaffirmed by this Court in *McCurry* v. *State* (1967), 249 Ind. 191, 231 N. E. 2d 227 wherein we stated "The doctrines with reference to hearsay as set out in *Rohlfing* v. *State, supra,* still remain the law in Indiana."

It should be pointed out, however, that the standards for probable cause as enunciated in *Rohlfing* v. *State, supra,* and *McCurry* v. *State, supra,* are standards required by statute, and thus are not necessarily constitutional standards. Ind. Anno. Stat. § 9-602 (1956 Repl.) provides that a search warrant may only issue on the basis of an affidavit ". . . setting forth the facts *then in knowledge of the affiant,* constituting the probable cause" (emphasis supplied). The statute requires that the affidavits shall be made on personal knowledge only and, therefore, excludes consideration of other relevant circumstances and information not within the personal knowledge of the affiant. Thus, the statute lays down a standard which is stricter than that required by the constitution.

The constitutional standard, on the other hand, only requires that the determination of probable cause be made by a neutral and detached magistrate who makes his determination on the basis of an affidavit apprising him of the underlying facts and circumstances tending to show that there is probable cause. The constitution does not require that the affidavit be made on personal knowledge.

In *Aguilar* v. *Texas* (1964), 378 U. S. 108, 12 L. Ed. 2d 723, the Supreme Court of the United States was confronted with questions concerning the constitutional requirements for obtaining a state search warrant. There the affidavit merely recited that the "Affiants have received reliable information from a credible person and do believe" that narcotics were being kept in a certain building. The Court in *Aguilar* stated:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones* v. *United States,* 362 U. S. 257, 4 L. ed. 2d 697, 80 S. Ct. 725, 78 A. L. R. 2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf* v. *United States,* 376 U. S. 528, 11 L. ed 2d 887, 84 S. Ct. 825, was 'credible' or his information 'reliable.' " 12 L. ed. 2d 723, 729.

It is clear from the above passage that hearsay information so long as it is reliable and stems from a credible source, has been used as a basis for probable cause to support the issuance of a warrant.

However, an affidavit which merely states the conclusions of the affiant is insufficient to establish probable cause. In *Giordenello* v. *United States, supra,* the Supreme Court decided the question of whether an arrest warrant is valid if the supporting affidavit only alleges that the suspect committed a crime without stating facts to support the conclusion. There the Court said:

> "The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by the complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the

person whose arrest is sought has committed a crime." 357 U. S. 480, 486.

Thus, the mere allegation, without more, that the individual whose arrest is sought has committed a crime is an insufficient basis upon which to issue an arrest warrant. The affidavit will be deemed sufficient, however, if the allegation is supported by enough of the underlying facts and circumstances to allow a "neutral and detached magistrate" to draw his own conclusion as to the existence of probable cause.

The requirement that the determination of probable cause be a judicial determination is a requirement that goes to the heart of the Fourth Amendment. As was stated by the Supreme Court in *Johnson* v. *United States* (1948), 333 U. S. 10:

> "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." 333 U. S. 10, 13.

It was said in *Aguilar* v. *Texas, supra,* "the reasons for this rule go to the very foundation of the Fourth Amendment," and that a contrary rule allowing the officer in the pursuit of the criminal to make the determination as to probable cause would "reduce the amendment to a nullity and leave the people's homes secure only in the discretion of the police officers." Thus, only a magistrate may properly make the determination as to the existence of probable cause, and this determination may only be made on the basis of an affidavit apprising him of the underlying facts and circumstances tending to show that there is probable cause.

In the case at bar it is clear that the affidavit falls far short of the constitutional standards required by the Fourth Amendment. As we view it the affidavit merely alleges that the appellent engaged in unlawful conduct. It does not, however, state the facts and circumstances from which this conclusion was drawn. In short, the affidavit merely states the conclusion of the affiant, the police officer who swore out the affidavit, and does not represent the independent determination of a "neutral and detached magistrate." Here, the police officer, and not the magistrate, determined the existence of probable cause. This procedure is clearly unacceptable and falls far short of the minimum requirements of the Fourth Amendment. For this reason we are compelled to, and do hold that the trial court committed reversible error in failing to grant appellant's motion to suppress the evidence.

It is not our intention to limit the authority of law enforcement officials to make lawful arrests without warrants in those instances where warrants are not required. Nor is it our intention to modify the rules regarding the issuance of search warrants, where § 9-602, *supra,* *Rohlfing* v. *State, supra,* and *McCurry* v. *State, supra,* are still controlling. We only hold that where, as here, an arrest is required to be make on a warrant that warrant can only issue on the basis of an affidavit setting forth facts and circumstances constituting probable cause, and that the determination of probable cause must be made by a "neutral and detached magistrate." To hold otherwise would be to ignore the provisions of Article I, Section 11 of the Constitution of the State of Indiana and the Fourth Amendment of the Constitution of the United States.

The judgment is reversed and the cause remanded with instructions to grant appellant's motion for a new trial.

Lewis, C. J., and Hunter and DeBruler, JJ., concur; Arterburn, J., dissents with opinion.

## DISSENTING OPINION.

ARTERBURN, J.—I must dissent to the majority opinion. It holds that a warrant issued on the basis of an affidavit filed and approved by the prosecutor in due form, charging one with knowingly receiving stolen property (a felony) is invalid for all purposes, including the arrest and any search flowing from the arrest. The implications of this holding are enormous.

This majority opinion directly defies the statute, Burns' § 9-1001, which says that "When an indictment is found or an affidavit filed against a person charging him with the commission of an offense (felony) the court or a judge thereof shall, . . . direct the clerk to issue immediately a warrant of arrest returnable forthwith."

In other words, this case holds that there must be a hearing in every case before a judge, showing probable cause, before any arrest warrant may be issued, regardless of the fact that the prosecuting attorney approves an affidavit filed charging an offense. While the charge filed is sufficient to bring a defendant to trial, under the holding in this case it would not be sufficient to arrest him. We are now holding that a defendant should have a hearing on probable cause for the issuance of a warrant for his arrest in every case, then later a trial to determine whether or not he is guilty, then an appeal, and finally another trial in what is considered a post-conviction remedy—four trials or hearings—and then finally he goes to the United States Supreme Court. There is justification for the public's resentment of a cumbersome legal procedure in the courts.

I do not wish to be counted among those, in this time of lawlessness, who propose such a procedure in what should be a rather simple process of determining whether or not a person is guilty. The ultimate object of any trial should be merely to determine the truth and not to hamper either of the parties in getting to the truth. The procedure used should have that main objective.

The majority opinion attempts to rest its position on the case of *Giordenello* v. *United States* (1958), 357 U. S. 480, 78 S. Ct. 1245, 2 L. ed. 2d 1503, claiming it interpreted a constitutional question, when in my opinion it was based solely upon the Federal statutory criminal procedure for the issuance of warrants.

There is still another reason why the arrest was valid. In this case the evidence shows that one of the two purveyors of the stolen goods gave a statement to the police that he stole the goods and then sold them to the appellant, after telling the appellant they were stolen goods. If police may not arrest upon such information, then no arrest, in my opinion, is any longer valid in the State of Indiana. In this case we would have to hold the affidavit by the prosecutor was valid for charging the crime and trying the defendant, yet invalid to make an arrest or to search his home where he was arrested and where the stolen goods were found. This stretching of so-called constitutional principles is too thin for me to see.

Again this Court has changed the law that has prevailed since Indiana became a state and which procedure has worked as well, if not better than any proposal.

I point out finally that the Court has gone out of its way in handing down this majority opinion, since the transcript does not have in it any clerk's record of the court's action whatever. None of the exhibits in the transcript are certified to as part of the record. There is no judgment or sentencing by the trial court certified to by any clerk's record. In my opinion the appeal without question should be dismissed, since there can be no appeal unless there is a judgment.

I am sorry to see the Court take this uncalled for course and paint itself in a corner in the face of a legislative enactment to the contrary.

NOTE.—Reported in 242 N. E. 2d 500.