## DICKENS v. STATE OF INDIANA.

[No. 1068S180. Filed July 22, 1970. Rehearing denied September 22, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John J. Dillon,* Former Attorney General, *Richard V. Bennett,* Former Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged by affidavit filed in the Lawrence Magistrate Court of Marion County with viola-

tion of the offenses against property act. Upon a finding of guilty, an appeal was taken to Marion Criminal Court, Div. 2. The cause was tried *de novo,* appellant again being found guilty.

The evidence introduced was to the effect that the appellant entered a store, put on a woman's coat, put his own coat on over the woman's coat, and left the store. This conduct was witnessed by a saleslady in the store. Appellant was then observed going to an automobile parked near the store, where he removed the woman's coat, handed it to someone inside the automobile, and drove away.

The sole issue presented for our consideration is formed by the appellant's allegation that the trial court erred in permitting the witnesses for the prosecution "to testify without the State ever proving the arrest of the defendant." It is *not* argued that the arrest was in fact illegal but only that the failure of the State to prove that appellant was arrested denied appellant "* * * the chance to attack the arrest as being without probable cause." With such a proposition we cannot agree.

Even if an arrest is illegal, it has been held that it does not amount to a denial of due process. Further, there is authority for the proposition that an illegal arrest, in itself, in no way affects a judgment of conviction. *People* v. *Rose* (1961), 22 Ill. 2d 185, 174 N. E. 2d 673. The general rule also being that the jurisdiction of a court over the person of the defendant is not terminated by an illegal arrest. See 22 CJS, *Criminal Law* § 144, p. 382; 96 A.L.R. 982; *State* v. *Wenzel* (1881), 77 Ind. 428. But as we noted above, the appellant does not go so far as to assert that his arrest was in fact illegal. In the instant cause there was no burden upon the State to come forward with evidence tending to establish the legality of the appellant's arrest. The arrest of appellant is not an element of the crime for which he was charged and convicted. In fact, the arrest has no relevancy whatever to the proof necessary for a conviction

except when it goes to the question of the suppression or admission of relevant evidence as to the commission of the crime.

In this case no motion was made nor issue raised as to the admissibility of any evidence. The appellant made no objection at the trial to the introduction in evidence of the various items when he was apprehended. Whether the defendant was arrested legally or illegality has no relevance with reference to the proof of the crime itself. In fact, a person may be tried for a crime without ever having been technically arrested if he is in custody and present in court at the time of the trial.

The judgment is affirmed.

Givan and DeBruler, JJ., concur; Hunter, C.J., and Jackson, J., concur in result.

NOTE.—Reported in 260 N. E. 2d 578.