DANNY L. WELLS *v*. STATE OF INDIANA.

[No. 1070S255. Filed March 12, 1971. Rehearing denied April 1, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

ARTERBURN, C.J.—Defendant is appealing a conviction for robbery. He was tried by a jury in the Marion Criminal Court, Division II, before Judge Saul I. Rabb, and sentenced to the Indiana State Reformatory for not less than ten (10) nor more than twenty-five (25) years.

The evidence most favorable to the appellee indicates that on November 29, 1969, at about 3:00 in the afternoon, the defendant and two other men got out of a car at 9741 Pentecost Road, Indianapolis, Indiana. Randy Monday was raking leaves in the yard at the time and proceeded to accompany the defendant into the house. At that point, the defendant brandished a pistol and began to ransack the house. Approximately a half hour later, Mrs. Schildmeier arrived and the defendant ordered her to open a safe, after which he took cash and other papers from the safe. The occupants were told to remain inside the house for a time and the defendant then left.

Appellant claims error because the court overruled his motion to suppress all evidence because there was no arrest on the affidavit upon which appellant was being tried and because there was no probable cause affidavit or hearing for the arrest warrant, citing *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500.

In this case the defendant was originally arrested under Count I—robbery while armed. This was done, as appellant admits, pursuant to a hearing of probable cause for the issuance of an arrest warrant, which warrant was issued. Thereafter, a second count was filed charging the appellant with robbery, growing out of the same incident, and the first count was subsequently dismissed. The second count was an included offense in the first count. *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273. No warrant was issued for the arrest under the second count. Appellant's motion to suppress all evidence was based upon the fact that no warrant was issued under this second count.

We first point out that the *Kinnaird* case involved evidence that was secured by a search following an arrest, and this Court, in a divided opinion, held that such evidence was not admissible under the theory that the arrest was not made following a hearing on probable cause. We do not have that situation here. We have here no evidence obtained as a result of any arrest or search following such arrest. The arrest was not connected in any way with the testimony of the witnesses who testified and who observed the robbery. The arrest therefore is not relevant to the testimony introduced at the trial, as could be the case where a search follows an arrest, and evidence is thus obtained. The *Kinnaird* case therefore is not pertinent to this case.

We next point out that the appellant was already in custody under a valid arrest when the second charge was filed, and that probable cause for the first offense charged was certainly sufficient to sustain that for the lesser included offense of robbery. In addition, we point out that the appellant does not show wherein he was prejudiced at the trial. An arrest warrant could have been immediately issued upon a hearing while he was still in custody, if he had seen fit to make a motion to quash such warrant or file a writ of habeas corpus.

In *Layton* v. *State* (1968), 251 Ind. 205, 209, 240 N. E. 2d 489, 491, this Court stated:

"It seems that the appellant further contends that if the arrest was illegal, the mere fact in itself, if the appellant is tried, is sufficient grounds for a new trial. The illegality of the arrest affects only the admissibility of the evidence, as in the case of a search warrant. It does not affect the right of the state to try the appellant. The appellant fails to point out what the remedy would be if an appellant could not be tried merely because the arrest was illegal. Must he be set free in event of an illegal arrest? Must the defendant be returned and set free in California or on the steps of the courthouse and immediately rearrested under a valid warrant before he can be tried? We do not believe a court should engage in such futile and idle motions. To do so makes the judicial processes a laughing matter for the public."

In *Dickens* v. *State* (1970), 254 Ind. 388, 389, 260 N. E. 2d 578, 579, we stated:

"Even if an arrest is illegal, it has been held that it does not amount to a denial of due process. Further, there is authority for the proposition that an illegal arrest, in itself, in no way affects a judgment of conviction. *People* v. *Rose* (1961), 22 Ill. 2d 185, 174 N. E. 2d 673. The general rule also being that the jurisdiction of a court over the person of the defendant is not terminated by an illegal arrest. See 22 C.J.S. Criminal Law § 144, p. 382; 96 A.L.R. 982; *State* v. *Wenzel* (1881), 77 Ind. 428. . . . . . . Whether the defendant was arrested legally or illegally has no relevance with reference to the proof of the crime itself. In fact, a person may be tried for a crime without ever having been technically arrested if he is in custody and present in court at the time of the trial."

We thus find no reversible error on this point.

Defendant next alleges that the police procedures in exhibiting certain photographs to the victim and to the other witness violated the principles set out in *United States* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149. In the case before us, both the victim and the witness knew the defendant before the robbery since he had worked for the victim. They in fact identified him *by name* prior to seeing the photographs of the defendant and his

accomplices. Therefore, no potential prejudice to the defendant from this mode of identification was present.

The affidavit under which the defendant was charged stated, in part, that the defendant "did then and there unlawfully, feloniously, forcibly by violence and putting MILDRED SCHILDMEIER, in fear, take from the person and possession of said MILDRED SCHILDMEIER. . . ." Defendant contends that the judgment is not supported by sufficient evidence and is contrary to law since the State did not submit evidence that the said Mildred Schildmeier was in fact the victim of any *violence*. In *Cross* v. *State* (1956), 235 Ind. 611, 614, 137 N. E. 2d 32, 33, this Court stated:

> "It is well settled that while the principle of robbery is violence, actual violence is not the only means by which a robbery may be effected; that it may also be accomplished by fear, which the law considers as constructive violence."

There is no question but that Mildred Schildmeier was put in fear and she so testified at the trial. We thus find that the allegations of the affidavit were sufficiently proved at the trial of this cause.

Judgment affirmed.

Givan, Prentice, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 371.