GORE FARMER *v*. STATE OF INDIANA.

[No. 770S147. Filed December 7, 1971.]

*Edward Olczak,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a conviction, in a criminal case, in which the appellant was found guilty, by a jury, of Assault and Battery with Intent to Kill and was sentenced to the Indiana Reformatory for a period of not less than two [2] nor more than fourteen [14] years.

Appellant's Summary of Argument attempts to raise four issues on appeal, for our consideration. Appellant claims:

(1) The affidavit for probable cause upon which the warrant and arrest were based was on information and belief of the affiant, which merely stated conclusions of the affiant and is therefore insufficient.

(2) He should be released from custody because the warrant for arrest is invalid and therefore his detention is unlawful.

(3) The evidence is insufficient to show that appellant slashed his victim with intent to kill.

(4) The trial court abused its discretion in denying appellant probation.

None of the above stated contentions are supported, in the brief, by the inclusion of the Motion to Correct Errors. However, in spite of such omission we shall attempt to consider these points, but limit ourselves to the brief, since we are not compelled to search the record, for the

basic facts to support appellant's allegations. *Lake Motor Freight Line* v. *N.Y.C.R. Co.* (1950), 228 Ind. 371, 92 N. E. 2d 221; *Fairchild* v. *Steiner* (1965), 137 Ind. App. 400, 209 N. E. 2d 266; *Watson* v. *Gary Street Railway Co.* (1938), 104 Ind. App. 656, 12 N. E. 2d 976.

Upon a review of the evidence, we find that appellant was involved in the stabbing, which occurred on December 20, 1969, and was arrested shortly after the incident, near the scene of the crime, which was the Cozy Corner Bar in Elkhart, Indiana. Appellant made a Motion to Quash the arrest warrant, which was issued three [3] days later, on the grounds that it was based on information and belief, although it was issued by the Judge of the Elkhart Superior Court, Number Two. The case was tried before the Elkhart Superior Court Number One and the Motion to Quash was overruled.

The arrest warrant, the validity of which Appellant questions, was issued three days after this court handed down *Kinnaird* v. *State* (1969), 251 Ind. 506, 242 N. E. 2d 500. It appears that the prosecuting attorney was attempting to conform to the opinion relative to a disinterested magistrate holding a hearing and issuing an arrest warrant. The opinion from *Kinnaird* states:

> "*The affidavit will be deemed sufficient, however, if the allegation is supported by enough of the underlying facts and circumstances to allow a 'neutral and detached magistrate' to draw his own conclusion as to the existence of probable cause*" *(521 Ind. at 516)*

Subsequently the trial court denied both the Motion to Quash and a Writ of Habeas Corpus, which appellant filed. The trial court denied relief in both instances, apparently following a hearing, although we have no evidence or record in the brief of this matter.

Regardless of this court's ruling in the *Kinnaird* case, we have unanimously held a number of times that the legality of

an arrest has no relevancy, on appeal, when there is no issue as to the admissibility of any evidence or a search based upon an arrest. *Wells* v. *State* (1971), 256 Ind. 161, 267 N. E. 2d 371; *Dickens* v. *State* (1970), 254 Ind. 388, 260 N. E. 2d 578; *Layton* v. *State* (1968), 251 Ind. 205, 240 N. E. 2d 489. In this case no issue of admissibility of evidence or evidence obtained pursuant to an illegal search was involved based upon the arrest warrant.

Regarding the *Kinnaird* case this court stated, in *Wells* v. *State* (1971), 256 Ind. 161, 267 N. E. 2d 371:

> *"We first point out that the Kinnaird case involved evidence that was secured by a search following an arrest, and this Court, in a divided opinion, held that such evidence was not admissible under the theory that the arrest was not made following a hearing on probable cause. We do not have that situation here. We have here no evidence obtained as a result of any arrest or search following such arrest. The arrest was not connected in any way with the testimony of the witnesses who testified and who observed the robbery. The arrest therefore is not relevant to the testimony introduced at the trial, as could be the case where a search follows an arrest, and evidence is thus obtained. The Kinnaird case therefore is not pertinent to this case."*

We find the holding in *Wells* applicable to the case now before us. We further point out that no objection, as far as we can find, was made to the original arrest, which occurred on the day of the stabbing and which could have been made upon first hand information of the arresting officer and therefore the invalidity of the warrant would again have no relevancy.

Appellant contends in his third assignment of error that the evidence was insufficient to show that appellant slashed his victim, with intent to kill. In considering questions of sufficiency of evidence, this court must adhere to the following rule. This court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable in-

ferences therefrom, which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888, *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893, *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558 and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value, from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25 244 N. E. 2d 89. Upon our review of the record, we find ample evidence upon which the jury could base a finding of guilty on the part of the appellant. We therefore find no merit to appellant's third assignment of error.

Finally, appellant alleges that the trial court abused its discretion in denying the appellant probation. The granting of probation to a defendant who is found guilty of a crime is a wholly discretionary power of the trial court. *Burns Ind. Stat. Ann.* (1956 Repl.) sec. 9-2209. In this case, the trial judge stated that he felt under the circumstances probation should be denied. Probation is purely a favor granted by the trial judge and there is no right to probation. We find no evidence in either appellant's brief or the record of this case which could constitute a showing of abuse of discretion on the part of the trial court. Without such a finding, this court will not reverse the decision of the trial judge.

Judgment of the trial court is affirmed*.

Givan, Prentice, DeBruler, JJ., concur.

Hunter, J., concurs in result.

NOTE.—Reported in 275 N. E. 2d 783.

---

* This appeal was assigned to the author of this opinion on October 21, 1971.