Gary STROUD, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 64S00–8611–CR–1008.

Supreme Court of Indiana.

Jan. 8, 1988.

Max Cohen and Stephen Bower, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Gary Stroud was found guilty by a jury in the Porter Superior Court of dealing in a narcotic drug, a class A felony, and two counts of possession of a narcotic drug, to-wit: cocaine, both class C felonies. The trial court sentenced Stroud to a term of thirty (30) years on the class A felony of dealing in a narcotic drug and suspended ten (10) years of the sentence, and ordered Stroud be placed on formal probation following the service of his sentence. The trial court further sentenced Stroud to five (5) years on each of the class C felonies, said five year terms to be served concurrent with each other and concurrent to the sentence in count I.

Two issues are raised for our review in this direct appeal:

1. error in sentencing; and

2. prosecutorial misconduct in using evidence obtained from the warrantless installation of a pen register on a third party's telephone.

The facts show Gary Stroud was thirty (30) years of age and was the manager of a motorcycle business owned and operated by his parents. Stroud met cocaine dealer Joel Harbor in September, 1984, and began to exchange bike repair work for cocaine. Soon Stroud used as much as three grams of cocaine a day, which cost him $400 or $500. Because of his addiction to cocaine, Stroud became indebted to Joel Harbor in an amount between $8000 and $9000. Stroud became involved in selling cocaine in order to support his habit and pay Harbor the money owed to him. Because he needed money to supply his habit, Stroud became involved in thefts, including theft from his parents' motorcycle shop. On April 23, 1985, a Porter County undercover officer contacted Dawn Penrose and asked her if she could arrange for a purchase of five ounces of cocaine. Penrose contacted Stroud, who made arrangements to obtain the cocaine. With the help of his friend, Jerry Birky, Stroud delivered the cocaine to Penrose, who in turn gave it to undercover officers waiting in the next room. Stroud, Birky, and Penrose were then arrested. Stroud was searched at the police station where a quantity of cocaine in excess of three grams was recovered from his pocket. A search of Stroud's home produced another quantity of cocaine in excess of three grams, a triple beam scale, and other drug paraphernalia.

Approximately halfway through the trial deputy prosecuting attorney Nancy Vaidik was notified a pen register had been placed on Joel Harbor's telephone. The pen register was placed by federal authorities in cooperation with members of the Porter County Sheriff's Department in its investigation of Harbor. The pen register did not record conversations on the telephone. It indicated only the numbers called from Harbor's residence. In a number of instances Gary Stroud's telephone number appeared on the list of numbers dialed from Harbor's home.

## I

Stroud claims the twenty (20) year minimum mandatory sentence for dealing in cocaine is unconstitutional on its face because of the excessive length, the lack of proportionality to drug penalties from other jurisdictions, excessiveness in comparison to other non-suspendable offenses in

Indiana, and failure to consider Stroud's background in sentencing.

■■■ Ind.Code § 35–48–4–1 (Burns Supp.1987) defines the crime of dealing in cocaine as the manufacture or delivery of cocaine; it is a class B felony. It further provides that if the amount of the drug involved weighs three grams or more, it is a class A felony. The penalty for commission of a class A felony is a fixed term of thirty (30) years with not more than twenty (20) years added for aggravating circumstances nor more than ten (10) years subtracted for mitigating circumstances. In addition, the person may be fined not more than $10,000. The legislature has further provided in Ind.Code § 35–50–2–2 (Burns Supp.1987) that the court may suspend any part of a sentence for a felony except for certain situations provided for in subsection (b) of this statute. Subsection (b) allows the court to suspend only that part of the sentence in excess of the minimum sentence for certain enumerated crimes. One of the enumerated crimes is dealing in cocaine or a narcotic drug as a class A felony. The minimum sentence referred to in this statute as defined by the legislature in Ind.Code § 35–50–2–1 (Burns 1985), is twenty (20) years for a class A felony. This figure is arrived at by taking the presumptive term of thirty years and reducing it by the ten years provided for mitigating circumstances. The trial court, in sentencing Stroud, complied with these statutes. He was sentenced to the presumptive term of thirty (30) years and all but the twenty (20) year minimum sentence was suspended. Although Stroud may have received probation he had no right to it. Probation is merely a sentencing tool available to trial judges to use when and as they wish. *McHugh v. State* (1984), Ind., 471 N.E.2d 293, 298; *Johnson v. State* (1984), Ind., 464 N.E.2d 1309, 1311; *Farmer v. State* (1971), 257 Ind. 511, 275 N.E.2d 783, 785–786. Therefore no constitutional issue is presented when a defendant fails to receive consideration of probation regarding a sentence provided for by the legislature. The same is true where the legislature within its enactments limits the tool of probation available to the sentencing judge.

■■■ The question remaining is whether the provision of IC § 35–48–4–1 making dealing in cocaine of at least three grams a class A felony, for which the minimum sentence is twenty (20) years, is unconstitutional because it is excessive. Stroud concedes this Court already considered this issue at length and decided it adverse to his position in *Marts v. State* (1982), Ind., 432 N.E.2d 18; and *Hall v. State* (1980), 273 Ind. 425, 403 N.E.2d 1382. We provided in *Hall:*

> The Eighth Amendment of the United States Constitution bans punishments which are either 'barbaric' or excessive in relation to the crime committed. *Coker v. Georgia* (1977), 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982. A punishment is excessive and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion with the severity of the crime. *Gregg v. Georgia* (1976), 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859.

In *Marts v. State*, 432 N.E.2d at 22, we stated:

> With respect to the Eighth Amendment cruel and unusual punishment claim, our position is buttressed by the recent decision in *Hutto v. Davis* (1982) [454] U.S. [370], 102 S.Ct. 703, 70 L.Ed.2d 556, (Per Curiam), where the court upon the authority of *Rummel v. Estelle* (1980), 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382, reversed the granting of habeas corpus relief upon the grounds that the sentence constituted cruel and unusual punishment. Defendant had been sentenced to consecutive terms of twenty (20) years imprisonment and a $10,000 fine upon a count of possession with intent to distribute marijuana and a count of distribution of marijuana.

We decline Stroud's invitation to change our position stated in *Marts* and *Hall*. Our position is clearly supported by federal and

state statutes and case law, and thus we find no error on this issue.

Stroud further contends the imposition of the twenty (20) year sentence is unconstitutional as applied to him in light of his background and the nature of the offense. In support of his argument, Stroud cites the Rules of Appellate Review of Sentences, Rule 2, which gives this Court authority to revise a sentence authorized by statute which is manifestly unreasonable. The rule states a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Stroud invites us to examine the mitigating factors in reviewing his sentence. When the trial court imposes the basic sentence prescribed by a particular criminal statute, this Court presumes compliance with Ind. Code § 35-4.1-4-7 [§ 35-50-1(A)-7 (Burns 1979)] regardless of whether or not the record includes the trial court's specific enumeration of any aggravating and mitigating factors. *Horne v. State* (1983), Ind., 445 N.E.2d 976, 983. The legislature is the body of government which has the authority to designate which acts shall be crimes in our society and to provide for the length of sentences for offenses and to regulate the power of the courts. *State v. Palmer* (1979), 270 Ind. 493, 386 N.E.2d 946, 949. We have no grounds for finding the twenty (20) year term for dealing in cocaine in an amount of three grams or more is unreasonable meriting our interference.

## II

Finally, Stroud claims the warrantless installation of a pen register on Joel Harbor's telephone and the prosecutor's failure to disclose its use to Stroud is reversible error. Stroud's claim is that the Indiana Constitution requires a warrant for placement of the pen register. A pen register is a mechanical device that records the numbers dialed on a telephone by monitoring the electrical impulses caused when the dial of the telephone is released. It does not record oral communications and does not indicate whether calls are actually completed. Stroud asserts his position without so much as identifying the provision in our constitution upon which he relies, though presumably it is Art. I, § 11. He has not cited any Indiana case or other authority on the meaning of our constitution. He offers five cases from other state supreme courts interpreting their own constitutions but does not describe how the particular provisions or the analysis upon which these decisions were based might apply to our own constitution. This is an inadequate basis upon which to assert his argument. Further, Stroud has no standing to question the necessity of a warrant considering the undisputed facts here. The pen register did not record any call placed by Stroud because it was not placed on his telephone. The register was placed on the telephone of Joel Harbor and therefore if anyone has standing to question the necessity of a warrant it is Joel Harbor and not Stroud.

Stroud claims the prosecutor failed to reveal the existence of the pen register to the defense and therefore error was committed in its admission. It is undisputed fact however, that the prosecutor did not know of its existence until midway through the trial. While the rule stated in *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, requires the prosecutor to turn over to the defendant any possibly exculpatory evidence, the present situation does not come within the purview of that rule. It was the F.B.I., not the prosecutor, who initiated the installation of the pen register. Although the record shows the prosecutor did question Stroud on cross-examination about his telephone contacts with Harbor, the questions were general, and used to impeach Stroud. Moreover, the evidence that Stroud kept in touch with Harbor after his arrest was inculpatory rather than exculpatory, as required in *Brady*. Also, Stroud readily admitted on cross-examination he kept in touch with Harbor. Finally, the jury never was informed of the existence of the pen register; therefore it was in no way influenced by its use. Stroud presents no re-

versible error regarding the use of the pen register.

The trial court is in all things affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.