Richard Lee COVEY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 28A01–8910–CR–415.

Court of Appeals of Indiana,
First District.

May 1, 1990.

Mona A. Paddock, Hartman & Paddock, Bloomfield, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Richard Covey appeals his conviction of escape.

We affirm.

Covey was tried on the escape charge *in absentia.* The day of his jury trial, Covey did not appear. Covey's counsel moved for continuance, giving the following explanation to the court:

> My last conversation with him was last Friday. It was my understanding that he intended to be here and I have no information as to why he is not present but in view of my understanding of his intention to be here I would object to the trial proceeding in his absence on the grounds that it will result in some prejudice to him if he is not present to be able to exercise his right to confront and cross-examine the witnesses against him.

On February 28, 1989, the jury convicted Covey of escape. The court allowed evidence to be taken at the sentencing hearing on the question of Covey's whereabouts on

February 28. After the court heard the evidence and attended to other matters regarding sentencing, it proceeded to sentence Covey to a five-year term of imprisonment.

This appeal ensued, with Covey presenting the following two issues:

    I. Whether the trial court erred in proceeding to trial in Covey's absence; and

    II. Whether the sentence imposed was unreasonable.

## I.

■ Denial of defendant's right to be present and heard at his trial is fundamental error and, if not rectified, is a denial of fundamental due process. *Ellis v. State* (1987), Ind.App., 525 N.E.2d 610; *Phillips v. State* (1989), Ind.App., 543 N.E.2d 646. However, a defendant in a non-capital case may waive his right to be present at trial, but the waiver must be voluntarily, knowingly and intelligently made. *Ellis, supra.* The trial court may presume a defendant voluntarily, knowingly and intelligently waived his right to be present and try the defendant *in absentia* upon a showing that the defendant knew the scheduled trial date but failed to appear. A defendant who has been so tried, however, must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver. *Ellis, supra.*

■ At Covey's sentencing, the trial court afforded Covey an opportunity to explain his absence. Upon questioning by his attorney, Covey admitted that he knew about his February trial date, but had sought a continuance through his attorney and failed to call his mother to learn the outcome of his request, which was denied. Covey also failed to contact the authorities once he learned he had been convicted in February. He was later apprehended where he lived in Illinois.

In the court's sentencing statement, it deemed Covey's failure to appear as "flaunting the court's authority" and proceeded to sentence Covey, implicitly ruling that Covey knew his trial date but voluntarily absented himself. The record of sentencing is an adequate one from which we may review whether defendant's absence was voluntary, knowing and intelligent. The case of *Maez v. State* (1988), Ind.App., 530 N.E.2d 1203 is instructive. Maez failed to appear at his trial although he knew the trial date and had failed to stay in contact with counsel. The court held that Maez's waiver was voluntary. Hence, the fact that Covey was released inadvertently from the Department of Correction while the instant charges were pending, at which time Covey believed there were no pending charges, cannot defeat the conclusion that Covey waived his right to appear, since the record shows he ultimately learned of his trial date on the escape charges and even attempted to continue the trial. There was no error in proceeding to trial in Covey's absence.

## II.

■ Covey also attacks his five-year sentence, arguing the court failed to take into consideration mitigating circumstances. Covey received the presumptive sentence for a Class C felony. IND. CODE 35–50–2–6 (1988). When a trial court imposes the presumptive sentence, a reviewing court will presume that the court considered the statutory factors before pronouncing sentence, regardless whether the court cites the aggravating and mitigating circumstances on the record. *Stroud v. State* (1988), Ind., 517 N.E.2d 780. Covey has presented no grounds for finding his sentence manifestly unreasonable. *See* Ind. Appellate Rule 17(B).

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.