**Darrin D. MILTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9106–CR–189.

Court of Appeals of Indiana, Third District.

March 16, 1992.

Marce Gonzalez, Jr., Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Darrin D. Milton appeals his conviction for robbery, a Class B felony. Appellant's sole claim on appeal is that the trial court erred in proceeding to try him *in absentia.*

A defendant in a non-capital case may waive his right to be present at trial, but the waiver must be voluntarily, knowingly, and intelligently made. *Covey v. State* (1990), Ind.App., 553 N.E.2d 211, 212. The trial court may presume a defendant voluntarily, knowingly, and intelligently waived his right to be present and try the defendant *in absentia* upon a showing that

the defendant knew the scheduled trial date but failed to appear. *Id.* A defendant who has been so tried, however, must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver. *Id.*

The record shows that prior to jury selection on July 28, 1986, a Monday, the court advised the State, defense counsel, and the then 16–year–old appellant that trial would begin Thursday morning. When appellant did not appear for trial on the morning of July 31, 1986, defense counsel informed the court that he had discussed trial preparation with appellant, appellant's father, and appellant's grandmother for almost two hours after jury selection, and that he had told appellant to be in court by 9:00 Thursday morning. Defense counsel also informed the court that he had telephoned appellant's grandmother that morning but she did not know appellant's or his father's whereabouts. The court then made the following statement:

> "Mr. Shaps, your client was in Court Monday. The Court indicated then the matter was continued to today at 9:30. It's now 10:30. We have waited one (1) hour for your client. You're unable to give the Court any explanation for him not being here. The Court is going to continue with the trial in his absence. Certainly, the Court cannot allow a Defendant to control the Court calendar by simply not appearing at the time of trial, particularly after you selected a jury and jeopardy has attached."

After questioning each juror and determining that he or she would not use appellant's absence as evidence against him, the court proceeded with the trial.

■ On March 6, 1991, after being arrested in Georgia and extradited to Indiana, appellant appeared before the trial court for sentencing on his 1986 robbery conviction. At the sentencing hearing, appellant informed the court that he did not attend his trial because his father had told him his "juvenile past" could not be used against him if he stayed out of trouble until the age of 18. Appellant also informed the court that his father died in 1987, and that he did not discuss his decision to not attend the trial with his attorney. The court found appellant's explanation incredible and proceeded to sentence appellant to a 10–year term of imprisonment. Considering that appellant knew the trial date, attended all stages of the proceedings up to his trial, and failed to contact either the court or his attorney, this Court finds appellant voluntarily, knowingly, and intelligently waived his right to be present at trial. *See Freeman v. State* (1989), Ind., 541 N.E.2d 533, 535; *Griffin v. State* (1986), Ind., 501 N.E.2d 1077, 1078.

■ Appellant also argues that the court should have waited longer than one hour before proceeding with the trial. However, appellant failed to show that, had the court waited longer than one hour, he would have been available to participate in his trial. Consequently, the court was justified in proceeding to try appellant *in absentia. See Thorpe v. State* (1988), Ind., 524 N.E.2d 795, 796.

The judgment of the trial court is affirmed.

GARRARD, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

Examination of the record does not demonstrate that proceedings against Milton were initiated in the Lake Juvenile Court and that there was a waiver of jurisdiction to the Lake Criminal Court pursuant to I.C. 31–6–2–1. However, it may well be, although the record does not indicate such, that Milton was sixteen years old not only at the time his trial commenced on July 31, 1986, but also at the time of the commission of the offense on February 21, 1986. If that were the case, the criminal court would have had original exclusive jurisdiction because the robbery was committed with a deadly weapon, a Class B felony. I.C. 31–6–2–1(d)(4)(A). (Burns Code Ed. 1987) (repealed effective March 20, 1990).

In any event, Milton has at no time contested the jurisdiction of the Lake Criminal Court over his person. The matter of personal jurisdiction has therefore been

waived. *Twyman v. State* (1984) Ind., 459 N.E.2d 705.

I fully concur in the majority's determination that the trial court was justified in proceeding against Milton in absentia, and in sentencing him upon the conviction after his extradition from Georgia.