James Ewell BENTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S93.

Supreme Court of Indiana.

March 21, 1980.

Charles L. Berger, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of burglary, conspiracy to commit a felony and of being an habitual criminal. He was sentenced to

concurrent terms of five years on the burglary and conspiracy counts and to a term of 30 years on the habitual criminal count, to be served consecutively with the first two penalties. Because we find prejudicial error in the first issue raised by appellant, we must reverse the conviction and order a new trial.

Appellant and two companions were taken into custody by the Mount Vernon police on the morning of October 14, 1977, as suspects in a burglary of Culley's Drug Store. Upon arrival at the police station an oral statement was obtained as to how appellant helped perpetrate the robbery and where the stolen drugs had been discarded. Appellant alleges on appeal that this statement and the recovered drugs should have been suppressed. We agree.

At the station appellant was read his rights from a waiver of rights form by officer Don Petty. Appellant stated that he understood his rights but that he "didn't want to say anything at that time." Petty did not question appellant further. Shortly thereafter, appellant was taken to the office of the Chief of Police. Again he was read his rights and the waiver-of-rights statement from the form. Again he refused to sign the form, stating in response to a question by Chief Wilfred Clark that he did not want to make a verbal or written statement. Clark then wrote "refused" on the signature line of the form and printed appellant's name below the line. Appellant however continued to converse with the police officers and the officers proceeded to interrogate the appellant. During this interrogation, appellant told them where the drugs could be recovered. Chief Clark sent two officers to retrieve the drugs while he continued to question appellant. Eventually he elicited from appellant a statement of how the burglary of the drugstore was perpetrated. Appellant's pre-trial motion to suppress the drugs and testimony as to his oral confession to Chief Clark was overruled. The evidence was admitted at trial over his objection.

In *Brown v. State* (1971) 256 Ind. 558, 270 N.E.2d 751, this Court was presented with a similar factual situation. There Brown had refused to sign a waiver of rights form stating he wanted to talk to a lawyer. Later, upon questioning, he admitted to his part in the crime. Citing *Miranda v. Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, we reversed, stating:

"According to police testimony appellant was advised of his rights on two different occasions by two different officers and both times appellant refused to sign a waiver of his rights. Since the advisement of rights and the waiver were read to appellant at the same time we must presume that if appellant understood what his rights were he also understood the meaning of a waiver of those rights. Therefore appellant's refusal to sign the waiver of rights form was an explicit, voluntary and knowing *refusal* to waive his rights.

\* \* \* \* \* \*

"After appellant's explicit refusal to waive his right to have an attorney present and to remain silent appellant should not have been questioned any further. *Mims v. State* (1970), Ind., 262 N.E.2d 638; *Miranda, supra.*" 256 Ind. at 561–2, 270 N.E.2d at 753.

In the case at bar, appellant's refusal to sign the waiver-of-rights form was explicit. By refusing to sign the form, appellant was repudiating the notion that he was "willing to make a statement and answer questions" and that he did "not want a lawyer at this time." Under *Miranda* and *Brown* the officers had a duty to refrain from interrogating appellant once he had refused to waive his rights. Accordingly, the confession, as well as the recovered drugs, were the products of an illegal interrogation and must be suppressed.

We point out that this is not a case where the police have ceased questioning and the prisoner later requests a discussion with the police and then volunteers a confession or admission. In the case at bar, the police continued the interrogation and specific questioning of appellant immediately after he had explicitly refused to waive his

rights. Under such circumstances we must conclude that the confession and the fruits thereof must be excluded from the evidence at trial.

One other issue in this appeal is highly likely to recur at the new trial. Therefore we will address that issue. Appellant claims the court erred in overruling his motion to suppress State's Exhibits 3, 5 and 6, which were recovered from the car in which appellant and his companions were travelling. It is alleged that the police had no probable cause to stop the car and therefore evidence obtained from the car were the fruits of an illegal detention.

The record reveals that in the early morning hours of October 14, 1977, the Mount Vernon police station received an alarm signal indicating that Culley's Drug Store had been burglarized. Two police officers immediately drove to the store in separate cars. Upon arriving, the officers noticed that the glass door in the store had been broken. The officers observed a yellow Volkswagen automobile leaving the curb. No other vehicles or persons were in sight. Officer Essary radioed the license number to the station for a vehicle identification. He was informed that the car belonged to Tony Daugherty of Evansville. The police were familiar with Daugherty as they had previously picked him up and questioned him after he had been acting suspiciously in the alley behind Culley's Drug Store. The police dispatcher contacted the Indiana State Police to set up a road block. No state policemen were available; however the Vanderburgh County Sheriff's office was contacted.

Deputy sheriffs stopped the yellow Volkswagen on State Road 62 at the Vanderburgh-Posey County line. Shortly thereafter the Mount Vernon police officers arrived and took the occupants of the car—appellant James Benton, Tony Daugherty and Danny Hampton—into custody. A search of the vehicle produced the evidence to which the appellant now objects.

█ Probable cause justifying an arrest without a warrant exists where the facts and circumstances, as well as other trustworthy information, would lead a reasonable, prudent person under the conditions at the time to believe a crime had been committed. *Crane v. State* (1978) Ind., 380 N.E.2d 89. However, the existence of probable cause cannot be confined to the facts within the knowledge of the arresting officer. Probable cause should be determined on the basis of the collective information known to the law enforcement organization as a whole and not solely to the personal knowledge of the arresting officer. The police force being a unit wherein there is police-channel communication, if an officer acts in good faith reliance upon such information, the arrest will be deemed to have been based on probable cause so long as sufficient knowledge to establish probable cause exists within the organization. *Grzesiowski v. State* (1976) Ind.App., 343 N.E.2d 305; *Francis v. State* (1974) 161 Ind.App. 371, 316 N.E.2d 416.

█ In the case at bar there can be no doubt from the facts recited above that the Mount Vernon police had probable cause to stop and search the car and to question the occupants. The mere expediency of using another police department, at the request of the Mount Vernon police, to stop the car does not detract from the propriety of the arrest and detention. Thus, we hold that the trial court did not err in overruling the motion to suppress.

The judgment is reversed and this case is remanded for a new trial.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.