**George Herman RUTH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–483Á129.

Court of Appeals of Indiana, Fourth District.

April 25, 1984.

Rehearing Denied May 29, 1984.

Thomas A. Brown, Hartford City, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Following a trial by jury, defendant-appellant George Herman Ruth was convicted of three counts of forgery and one count of theft. On appeal, Ruth raises the following issues for our review, restated as follows: [1]

1) whether the court erred by granting paragraph one of the State's Motion in Limine;

2) whether the court erred by admitting evidence seized from Ruth's home;

3) whether preliminary instructions 8, 9, and 19 were proper; and

4) whether the court erred by reading final instructions 8, 9, 18 and 22 to the jury.

During the spring of 1981, the Chronicle-Tribune newspaper in Marion, Indiana, discovered it had not received accounts remitted by several of its advertising customers. The missing checks were being deposited in an account for the Chronicle Printing Corp. at the First National Bank of Hartford City. According to the bank's record, one "Roger Manning" was authorized to make such deposits. The State produced evidence that Ruth was operating under the alias of Roger Manning and that the newspaper had never authorized either Ruth or anyone named Manning to make deposits on its behalf.

Ruth first alleges the court erred in granting paragraph one of the State's Motion in Limine. Specifically, Ruth argues that motions in limine are prior restraints not recognized by the state legislature or supreme court and that the court's ruling impermissibly prohibited him from informing the jury of the class of the felony charged.

1. Because we reverse and remand this cause, we need not address Ruth's issues five, six, and seven.

■ First, the supreme court has consistently recognized that motions in limine serve the function of keeping potentially prejudicial information from the jury until the court has ruled upon its admissibility within the context of the trial. *Hodge v. State*, (1982) Ind., 442 N.E.2d 1006. *Accord Davidson v. State*, (1982) Ind., 442 N.E.2d 1076. Second, the court did not prevent Ruth, as he contends, from mentioning the class of the charged felony. Rather, by its motion, the State sought to keep information from the jury regarding possible sentences Ruth could receive upon conviction. The supreme court has held it is proper to withhold penalty information stating:

> A jury must determine beyond a reasonable doubt from the evidence presented whether an accused did those specific acts which constituted the crime with which he was charged. In performing this *guilt assessing task* the jury must be oblivious to the legislature's punishment scheme. To hold otherwise, we would be condoning verdicts in which the jury might compromise to the defendant's benefit or detriment in order to reach a certain number of years of imprisonment. (emphasis in original)

*Cobb v. State*, (1980) Ind., 412 N.E.2d 728, 738, citing *Debose v. State*, (1979) 270 Ind. 675, 389 N.E.2d 272, 273–4. Ruth's first issue is, therefore, without merit.

Ruth's next issue regards the admissibility of evidence seized from his home on May 6, 1981. In executing the search warrant issued that same day, the police found a rubber stamp and an IBM typewriter and ribbon belonging to the Chronicle-Tribune. Ruth argues the court erred by admitting those items because the search warrant was defective.

The requirements which govern the search warrant affidavit in this case were codified at Ind.Code 35–1–6–2.

> Except as provided in subsection (c) of this section, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit, particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe that such things as are to be searched for are there concealed, or that the person to be arrested committed said offense, and setting forth the facts then in knowledge of the affiant or information based on credible hearsay, constituting the probable cause. When based on hearsay, the affidavit shall contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished.

Ind.Code 35–1–6–2(a) (repealed by Acts 1981, P.L. 298, Sec. 9(a)). In *Madden v. State*, (1975) 263 Ind. 223, 328 N.E.2d 727, the supreme court stated compliance with the above statute was mandatory. *See also Flaherty v. State*, (1982) Ind.App., 443 N.E.2d 340; *Mills v. State*, (1978) 177 Ind. App. 432, 379 N.E.2d 1023.

The search warrant in issue here incorporated the following affidavit of Officer John Starkey.

> The reasons and grounds for affiant's belief that there is probable cause for searching said dwelling house are as follows:

> On May 5, 1981 affiant participated in the apprehension of George H. Ruth, resident at the above address and a former district sales manager for the Chronicle-Tribune, Marion, Grant County, Indiana, after information was received from the Chronicle-Tribune that an account in the name of the Chronicle Printing Corp. at the First National Bank, Hartford City, Blackford County, Indiana, on which George H. Ruth was the authorized signer and into which checks to the businesses listed on attached Exhibit "A" had been deposited had been done without either the knowledge or the authorization of the Chronicle Tribune, Marion, Grant County, Indiana.

> Affiant believes that George H. Ruth may have other checks to the businesses listed on attached Exhibit "A" which the Chronicle-Tribune has been told by its

customers have been mailed to the business, but which the Chronicle-Tribune has never received at the above described dwelling house, as George H. Ruth had the opportunity to gain possession of by virtue of this position and employment at the Chronicle-Tribune.

In reviewing an affidavit on appeal, we must determine whether, apart from the conclusions of the affiant or informant, it sufficiently apprised the magistrate of underlying facts and circumstances tending to show probable cause. *Kinnaird v. State,* (1968) 251 Ind. 506, 242 N.E.2d 500; *Flaherty v. State, supra; Layman v. State,* (1980) Ind.App., 407 N.E.2d 259. An examination of the affidavit reveals Officer Starkey relied upon hearsay information from the Chronicle-Tribune in reaching the conclusions stated therein. Therefore, the statute requires that the affidavit allege the facts stated were within the informant's personal knowledge, that it contains those facts, and that it contain facts within the affiant's knowledge as to the credibility of the informant. *Madden v. State, supra; Layman v. State, supra.*

According to Officer Starkey's affidavit, the Chronicle-Tribune told him of the missing checks, the existence of the bank account in the name of the Chronicle Printing Corporation and the fact that Ruth was the authorized signer of that account. Officer Starkey failed, however, to state those facts were within the informant's personal knowledge. The second flaw of the affidavit is the absence of any facts establishing the informant's credibility. Even if we were to presume the Chronicle-Tribune's credibility, *i.e.,* the victim's credibility, as the State argues we should, the statute would prohibit us from presuming that all of the employees speaking on its behalf were credible informants possessing firsthand knowledge of the pertinent facts.

In addition, the affidavit contains only a conclusory statement to the effect that Ruth was operating under the alias of Roger Manning, the name on the bank's account records. No underlying facts connecting Ruth and Manning were given until

Officer Starkey testified at the suppression hearing. None of that testimony, however, is relevant in assessing the sufficiency of the affidavit. We must confine our examination to the affidavit itself and determine whether it alleged sufficient facts upon which the issuing authority could have made an independent determination of probable cause. *Madden v. State, supra; Flaherty v. State, supra; Watt v. State,* (1980) Ind.App., 412 N.E.2d 90; *Layman v. State, supra; Knaub v. State,* (1979) Ind. App., 394 N.E.2d 201.

Due to the fact that the affidavit contains only the affiant's and informant's conclusions and lacks the information necessary to qualify the hearsay statements for consideration, the affidavit clearly did not state probable cause for the search of Ruth's home. All evidence seized pursuant to that search should have therefore been suppressed. *Flaherty v. State, supra; Layman v. State, supra.*

Ruth's last two issues both involve instructions, and, in part, pertain to the propriety of informing the jury of the penalties for crimes charged, a question we resolved in our discussion of Ruth's first issue. In arguing the jury's right to know the class of felony charged, Ruth cites *Short v. State,* (1982) Ind., 443 N.E.2d 298. In that case, however, the supreme court held there was *no error* in so informing the jury, as it was not apprised of the penalty associated with the class of offense. *Id.* at 302. Ruth challenges the instructions on other grounds, but likewise fails either to cite controlling authority or to present cogent argument in support thereof. Issues three and four are accordingly waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

The conviction is reversed and the cause is remanded for a new trial.

CONOVER, P.J., and MILLER, J., concurs.