Dale James **RAYMER**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1183S421.

Supreme Court of Indiana.

Sept. 5, 1985.

J. Frank Hanley II, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of count I, possession of cocaine, a schedule II controlled substance, with intent to manufacture or deliver, a class A felony, I.C. § 35–48–4–1(2); count II, possession of methaqualone, a schedule II controlled substance, with intent to manufacture or deliver, a class B felony, I.C. § 35–48–4–2(2); count III, dealing in hashish, a class D felony, I.C. § 35–48–4–10; count IV, possession of marijuana, a class D felony, I.C. § 35–48–4–11. The case was tried before the trial court. Appellant received a thirty year sentence on count I, a ten year sentence on count II, a two year sentence on count III, and a two year sentence on count IV. The sentences are to run concurrently.

Appellant raises four issues on appeal: (1) whether trial court erred in denying his supplemental motion to suppress evidence which alleged that the information in the affidavit in support of the search warrant was too stale to support the finding of probable cause and whether trial court erred in denying the motion without a hearing; (2) whether trial court erred in denying his supplemental motion for discovery; (3) whether trial court erred in denying his motion to compel discovery of names of cases and cause numbers referred to in the affidavit for probable cause; (4) whether trial court erred in not compelling state to reveal informant's identity.

These are the facts from the record that tend to support the determination of guilt. On October 21, 1982, Detective Livers of

the Indianapolis Police Department acquired a search warrant for 10415 Chriss Drive in Marion County, Indiana. A search was conducted in which 58.82233 grams of powder containing cocaine, 2296.5 methaqualone tablets, 277.53 grams of hashish, and 136.31 grams of marijuana were seized. Appellant lived at the residence searched. Also, appellant was present during the search.

## I

On March 8, 1983, the trial court held a hearing on appellant's and his accomplice's motions to suppress. The basis of appellant's motion was that the warrant did not specifically authorize the search of his garage. The basis of the accomplice's motion was that the time element in the affidavit in support of the search warrant was too stale to support a finding of probable cause. The trial court denied the motions. On March 11, 1983, appellant filed his supplemental motion to suppress and a supporting memorandum of law. In this motion, appellant adopted the argument that the accomplice proffered in his motion to suppress. The trial court denied appellant's supplemental motion to suppress without a hearing. The trial court stated that a hearing had been held previously on the issue. Appellant timely objected at trial on the basis of his supplemental motion to suppress.

■ First, the trial court did not err in denying the supplemental motion to suppress without a hearing. The issue had been fully litigated in the March 8 hearing on the original motions to suppress. Appellant's memorandum of law in support of his supplemental motion to suppress covered the same ground as his accomplice's motion to suppress; consequently, there was nothing new for the trial court to hear.

■ Second, the information in the affidavit was not too stale to support a finding of probable cause. The affidavit met the requirements of I.C. § 35-33-5-2. The pertinent part of the affidavit is set forth here:

"This affiant bases his belief on the following information: that within (3) days of 10–21–82, a confidential, credible and reliable informant personally told this affiant that they had personally been at the afforementioned residence and had observed a substance believed by them to be cocaine, and extract of coca ..."

■ This Court has defined probable cause to be "those facts and circumstances known to the arresting officer that would warrant a reasonable man to believe that a crime had been committed by the suspect. *Akins v. State* (1981), Ind., 429 N.E.2d 232; *Pawloski v. State* (1978), 269 Ind. 350, 380 N.E.2d 1230. The general rule is that stale information cannot support a finding of probable cause. Stale information only gives rise to a mere suspicion and not a reasonable belief, especially when the items to be obtained in a search are easily concealed and moved. See *Ashley v. State* (1968), 251 Ind. 359, 241 N.E.2d 264. There is no precise rule as to how much time can intervene between the obtaining of facts and the issuance of the search warrant. *Ashley, supra; Tinnin v. State* (1981), 275 Ind. 203, 416 N.E.2d 116. However, this Court has cited cases with approval which involved narcotics, where the intervening time period was three days. *Tinnin, supra; State v. Camargo* (1975), 112 Ariz. 50, 537 P.2d 920.

Appellant claims that the phrase "within (3) days of 10–21–82" refers to the time the informant told the detective the information and not the time the informant observed the narcotics. Consequently, he argues that the information is stale because there is no way to discern its age. We do not agree with appellant's interpretation of the affidavit. We believe that the phrase "within (3) days of 10–21–82" refers both to the time the informant told the detective the information and to the time the informant observed the narcotics in appellant's residence. Both events are described in a parallel manner, ie., "personally told" and "personally been at", in adjoining phrases which are both separated from the time expression by a single comma, while not

themselves separated by any punctuation. The information in the affidavit was sufficiently fresh to support a finding of probable cause. The trial court did not err in denying appellant's supplemental motion to suppress.

## II

 Appellant claims that the trial court erred in denying his supplemental motion for discovery. Appellant sought the production of ten probable cause affidavits from other cases, selected at random, and of the type which, like the affidavit in this case, were based upon information from allegedly confidential and reliable informants. His stated purpose was to show that other affidavits contained the dates when confidential informants had observed narcotics in the places in question in those cases. However, the trial court denied the motion on the basis that the affidavit did contain the date when the informant observed the narcotics in appellant's residence. Since the affidavit contained that date, and satisfied the requirement sought to be established by the array of other probable cause affidavits, production of such affidavits was unnecessary.

## III

Appellant claims next that the trial court erred in denying his discovery motion to compel the state to disclose the names and cause numbers of cases referred to in the affidavit of probable cause for issuance of the search warrant as having been based upon information supplied by the same confidential informant. The motion was in response to the part of the affidavit set forth here:

> ".. Said informant is reliable in the fact that information provided in the past has resulted in at least two (2) arrests, (2) seizures and (2) convictions in Court for violations of the controlled substance act."

The trial court denied the motion without noting its reasons. Ostensibly, the information sought by the motion would have been examined for the purpose of using it to show the falsity of the above assertion of fact in the affidavit.

After the motion was denied, Detective Livers, the affiant, appeared and testified at the hearing on suppression of the fruits of the warrant. Appellant appeared at this hearing, and was presented with the opportunity to have asked for the information which the prior discovery motion sought. Having failed to do so, appellant may not now claim any legal deprivation by reason of the court's ruling upon his discovery motion. *Gubitz v. State* (1977), 172 Ind.App. 343, 360 N.E.2d 259.

## IV

Appellant claims that the trial court erred in not compelling the State to disclose the identity of the confidential informant. The trial court did not err because there was no discovery motion before the court asking the court to take such action.

Convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.