Mark R. WILLIAMS,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 32A01–8805–CR–155.

Court of Appeals of Indiana,
First District.

Sept. 22, 1988.
Transfer Denied Dec. 28, 1988.

Cindy L. Kenworthy, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Mark R. Williams (Williams), appeals from his conviction in the Hendricks Circuit Court for burglary, a Class C felony under IND.CODE 35–43–2–1.

We affirm.

## STATEMENT OF THE FACTS

On May 27, 1987, a search warrant was issued by Marion Municipal Court Judge Steven Frank upon the affidavit of Detective Michael Nelson (Nelson) of the Hendricks County Sheriff's Department for the seizure of controlled substances at 3070 Aragon Woods Drive in Indianapolis, Indiana. The search warrant was served by Nelson and Detective Clark Fine (Fine) at approximately 8:30 a.m. on May 28, 1987. Williams, William D. Cook (Cook), and Jennifer Bates were present during the search and advised of their rights. The search turned up a 500 mg. Red Placidyl tablet and a bottle of Dilaudid tablets. These drugs were identical to those taken in the burglary of the Toler Pharmacy in Avon, Indiana on May 8, 1987.

While the search was being conducted, Cook approached Nelson to make a statement. Cook was taken to the police station where, after being advised of his rights, he made a written statement implicating Williams in the Toler Pharmacy burglary. Shortly thereafter Williams was placed under arrest and transported to the police station where he was given a copy of Cook's statement. Fine then took a statement from him at approximately 12:55 p.m. In the statement Williams admitted his participation in the burglary. Williams ultimately was charged and found guilty after a jury trial from which he has perfected this appeal.

## ISSUES

Williams presents two issues on appeal which are restated as follows:

I. Whether the trial court erred in refusing to exclude items seized and statements taken pursuant to the search warrant.

II. Whether the trial court abused its discretion in denying Williams's motion to obtain information regarding the identity of the confidential informant.

## DISCUSSION AND DECISION

ISSUE I: *Search and Seizure*

Williams contends the trial court erred in not excluding items seized and his statement taken pursuant to the search warrant because the warrant was not supported by probable cause. Specifically, Williams argues that the search warrant was based upon an affidavit which did not provide sufficient information from which the judge could determine that probable cause existed to search the residence.

■ A search warrant must strictly comply with the constitutional and statutory law permitting a search and seizure. *Kinnaird v. State* (1968), 251 Ind. 506, 242 N.E.2d 500; *Rohlfing v. State* (1949), 227 Ind. 619, 88 N.E.2d 148. Article I, § 11 of the Indiana Constitution reads as follows:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

The fourth amendment of the United States Constitution contains nearly identical language. IND.CODE 35–33–5–2(a) provides that no warrant for search on arrest shall be issued until there is filed with a judge an affidavit:

particularly describing the house or place to be searched and the things to be searched for, or particularly describing the person to be arrested, and alleging substantially the offense in relation thereto, and that the affiant believes and has good cause to believe such things as are to be searched for are there concealed, or that the person to be arrested

**498**

committed the offense and, setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause. When based on hearsay, the affidavit must either:

(1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or

(2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

These provisions insure that all citizens may be secure from unwarranted invasions of their persons or homes.

■ Where an affidavit is based upon an informant's tip the Supreme Court in *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 stated:

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

462 U.S. at 238, 103 S.Ct. at 2332. The Court in *Gates* further stated that the duty of the reviewing court is not to perform de novo review, but to determine whether the affidavit provided a substantial basis of fact from which the magistrate could conclude that a search would uncover evidence of wrongdoing. *Id.* at 236, 103 S.Ct. at 2331. Therefore, our review is limited to an examination of the same information that was before the judge when the warrant was issued. *Stabenow v. State* (1986), Ind.App., 495 N.E.2d 197; *Ruth v. State* (1984), Ind.App., 462 N.E.2d 269; *trans. denied; Flaherty v. State* (1982), Ind.App., 443 N.E.2d 340. *trans. denied.*

■ In this case the only information presented to the judge was that contained in the affidavit. Therefore, there must be sufficient factual information on the face of the affidavit from which a neutral and detached magistrate or judge could have reasonably concluded that probable cause existed for the issuance of a search warrant. *Layman v. State* (1980), Ind.App., 407 N.E.2d 259, *trans. denied.*

■ The affidavit stated:

Detectives Clark Fine and Mike Nelson of the Hendricks Co. Sheriff Department, swears that he believes [sic] and has Probable Cause to believe that certain property, hereinafter described, is concealed in the following described residence, to-wit: 3070 Aragon Woods Drive located in Aragon Woods Apartment Complex, Section # 5, the residence will be described as a single story wood frame, light brown with a brown trim with the numerals 3070 on right of the front door located at Indianapolis, Marion County, Indiana.

The property is described as follows: (See attached sheet containing a list of assorted controlled substances by the words "Clark Fine" at the top and bottom which constitutes unlawfully obtained property, contraband, evidence of an offense.)

In support of your affiant's assertion of Probable Cause, your affiant would show the court that he has received the following facts from a reliable and confidential informant which facts the informant stated to be within the informant's personal knowledge, to-wit: that the confidential informant was told by William D. Cook that he burglarized the Toler's Pharmacy in Avon, Hendricks Co. Indiana, on or about May 12, 1987.

The informant stated that he gained knowledge of these facts by: conversations with William D. Cooks. [sic]

Your affiant believes and has Probable Cause to believe that the informant is reliable, based upon the following facts within your affiant's personal knowledge, to-wit: the informant has provided numerous leads leading to the arrest of individuals along with seizures of stolen property in other cases.

Therefore, your affiant respectfully requests the court to issue a SEARCH WARRANT directing the search for and the seizure of the above-described property.

*Record* at 284. The affidavit was signed by Nelson.

In examining the affidavit we note that in *Layman* the court discussed the analysis utilized to review a judge's determination of probable cause for a search warrant as follows:

While the quantity and nature of the constituent elements necessary to establish probable cause are inextricably related to each given set of facts, there are two basic questions pertinent to the determination of probable cause for a search under any set of facts: (1) whether the particular items sought to be seized are sufficiently connected with criminal activity and (2) whether the items are to be found in a particular place.

407 N.E.2d at 263. *See also Carnes v. State* (1985), Ind.App., 480 N.E.2d 581, *trans. denied;* IND.CODE 35–33–5–2(a).

In this case the affidavit was deficient in that it neither set forth facts within Fine's knowledge nor contained information based on hearsay which would constitute probable cause. There was no statement concerning how the informant knew the listed items were at the named residence. Nevertheless, testimony received at the suppression hearing disclosed that the informant told Fine he had heard Cook admit to the burglary and had seen some of the listed items at the residence. Therefore, this deficiency is one of form in filling out the affidavit, not of actual information.

Clearly, the affidavit adequately provided the address of the place to be searched. The fact that the residence to be searched was located at Aragon Woods Court and not Aragon Woods Drive is not material. Such error is not critical for the officers could reasonably ascertain the residence intended. *Conn v. State* (1986), Ind.App., 496 N.E.2d 604, *trans. denied.*

In addition to the shortcomings described above, there is the potential problem of stale information. The affidavit was subscribed and sworn to on May 27, 1987, for a burglary which occurred on May 8, 1987. It is not clear from the affidavit when the informant obtained his information. The general rule is that stale information cannot support a finding of probable cause especially when the items to be seized are easily concealed and moved. *Raymer v. State* (1985), Ind., 482 N.E.2d 253; *Ashley v. State* (1968), 251 Ind. 359, 241 N.E.2d 264.

We recognize that Fine and Nelson filled out the affidavit without professional help. Furthermore, during the haste of a criminal investigation some facts may be omitted when drafting an affidavit. *See Gates, supra; Johnson v. State* (1985), Ind., 472 N.E.2d 892. Nevertheless, even in its deficient form, the judge unhesitatingly and without question signed the search warrant.

■ Having determined that the affidavit failed on its face to establish probable cause, we must determine whether the evidence seized and statements taken pursuant to the search were properly admitted. The general rule is that *all* evidence obtained in searches and seizures later found to be in violation of the constitutional provisions is inadmissible under federal and state law. *Mapp v. Ohio* (1961) 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *Enlow v. State* (1955), 234 Ind. 156, 125 N.E.2d 250. However, in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, the Supreme Court created a good faith exception to the federal exclusionary rule. That exception was adopted by our supreme court in *Blalock v. State* (1985), Ind., 483 N.E.2d 439.

In *Leon,* Justice White, writing the majority opinion, noted that the exclusionary rule acts as a "judicially created remedy designed to safeguard fourth amendment rights generally through its deterrent effect, rather than a personal constitutional right of the person aggrieved." 468 U.S. at 906, 104 S.Ct. at 3412, citing *United States v. Calandra* (1974), 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561. Justice White further stated that "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." 468 U.S. at 916, 104 S.Ct. at 3417. The majority concluded, therefore, that the exclusionary rule would not bar evidence obtained by police officers acting in reasonable reliance on a search warrant issued by a detached and neutral judge or magistrate but ultimately found not to be supported by probable cause.

■ Williams argues that the *Leon* good faith exception is not applicable because the affidavit contained a false statement as to the basis for the determination of the informant's reliability. Specifically, he contends the affidavit erroneously stated that the informant had provided numerous leads

leading to the arrest of individuals. We note that in *Leon* Justice White stated:

> Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Franks v. Delaware*, 438 U.S. 154 [98 S.Ct. 2674, 57 L.Ed.2d 667] (1978).

468 U.S. at 922–23, 104 S.Ct. at 3421. During the suppression hearing Fine testified that the informant had previously provided information on one burglary which led to two arrests, provided information in another case where an arrest had already been made, and provided information on the presence of other stolen goods. Therefore, we do not perceive the word "numerous" to be such an exaggeration as to have misled the judge thereby making the good faith exception inapplicable. Furthermore, the discrepancy between the informant's date of the burglary and the actual date is not fatal here. That discrepancy must be viewed in the context of the informant's previous dealings with the officer. The totality of the circumstances showed that the informant was reliable.

■ Williams further argues that the good faith exception is inapplicable because Nelson gave information not within his personal knowledge as alleged. It is true that the informant gave his information to Fine. Nelson testified that Fine conveyed the information to him and that he wrote down the information and signed the forms. However, the existence of probable cause need not be solely based on the personal knowledge of one officer. Probable cause may be based on the collective information known to the law enforcement organization as a whole. *See Moody v. State* (1983), Ind., 448 N.E.2d 660; *Owens v. State* (1981), Ind., 427 N.E.2d 880; *Benton v. State* (1980), 273 Ind. 34, 401 N.E.2d 697; *Francis v. State* (1974), 161 Ind.App. 371, 316 N.E.2d 416, *trans. denied.* Therefore, as long as the participating officers collectively had probable cause, then that knowledge can be imputed to the signing officer. Therefore, Williams has failed to show that the *Leon* good faith exception is inapplicable. Consequently, he has shown no error on this issue.

**ISSUE II:** *Identity of Informant*

■ Williams contends that the trial court erred in denying his motion to obtain information regarding the identity of the confidential informant. We disagree. The general policy in Indiana is to prevent the disclosure of an informant's identity unless the defendant can demonstrate that disclosure is relevant and helpful to his defense or is necessary to a fair trial. *Powers v. State* (1982), Ind., 440 N.E.2d 1096, *cert. denied,* 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808; *Ryan v. State* (1982), Ind., 431 N.E.2d 115. Therefore, the burden is upon the defendant to demonstrate his need for disclosure. *Id.* Williams has failed to demonstrate exception to the privilege that the informant remain anonymous.

The informant was never called as a witness at trial. Williams argues that disclosure was necessary to ascertain whether the informant actually existed. He bases this contention on the fact that information, easily verifiable by the officers, was given by the informant and was clearly incorrect. In particular, he cites the discrepancy in the date of the burglary provided by the informant. However, given the informant's past dealings with Fine, there was sufficient assurance that the informant's information concerning the burglary was true.

In *Carnes, supra,* the defendant also asserted that disclosure was necessary to ascertain whether the informant actually existed. There the court stated in part:

> Walton related the informant's tip in an affidavit made upon oath which provides sufficient assurance that the facts stated therein are true. *See Watt v. State*, 412 N.E.2d 90, 95 (Ind.App.1980). Furthermore, as a practical matter, if disclosure is necessary to discover if an informant exists, no informant's identity would remain confidential. Without anonymity, citizens would hesitate to communicate their knowledge of the commission of crimes to law enforcement officials.

480 N.E.2d at 588. This rationale is applicable to our case.

Williams made no showing that disclosure of the informant's identity would be

helpful in preparing his defense or necessary for a fair trial. Therefore, he cannot argue that the trial court erred in refusing to compel disclosure of the informant's identity.

For the reasons stated above, Williams's conviction is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., concurs.

SHIELDS, P.J., dissents with opinion.

SHIELDS, Presiding Judge, dissenting.

I dissent. *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, while formulating the good faith exception to the federal exclusionary rule, also recognizes that suppression remains an appropriate remedy in certain circumstances. Those circumstances include:

> The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

*Id.* at 923, 104 S.Ct. at 3421 (quoting *Brown v. Illinois*, 422 U.S. 590, 610–611, 95 S.Ct. 2254, 2265, 45 L.Ed.2d 416 [1975]).

In the instant case, a search warrant for a private residence was issued based solely upon a probable cause affidavit that contains the stale information that on May 12, 1987, William Cook told a confidential informant that he, Cook, burglarized Tolen's Pharmacy. Critically, the affidavit is totally devoid of any nexus between Cook and the burglary and the residence sought to be searched. While I do not question the magistrate's subjective integrity, it is nevertheless my opinion that objectively the affidavit is so unquestionably deficient that the issuing magistrate loses the protective cloak of the presumption that he or she is a detached and neutral magistrate.

Otherwise stated, the warrant could have been issued only by a magistrate who had wholly abandoned his or her judicial role. For that reason, the good faith exception is unavailing. Therefore, in my opinion the trial court erred in refusing to exclude items seized and statements taken pursuant to the search warrant. Accordingly, I vote to reverse Williams's conviction and remand the cause for a new trial.